State of Wisconsin, Plaintiff-Respondent,
v.
Mark M. Loutsch, Defendant-Appellant.
No. 03-1757-CR.
Court of Appeals of Wisconsin.
Opinion Filed: September 23, 2004.
Before Dykman, Vergeront and Lundsten, JJ.
¶1 PER CURIAM.
Mark Loutsch challenges on appeal the circuit court's decision setting the restitution he must pay in this case at $33,167.44. The issue is whether the circuit court properly set restitution pursuant to WIS. STAT. § 973.20 (2001-02).[1] We conclude that it did not, and reverse and remand for further proceedings.
¶2 This case was previously before us. State v. Loutsch, 2003 WI App 16, 259 Wis. 2d 901, 656 N.W.2d 781 (Loutsch I). The facts and procedural history are set forth in our prior decision, so we will not restate them here. Suffice it to say that this case is again before us on the restitution issue. Loutsch has appealed both the circuit court's decision on remand that Loutsch pay the full amount of restitution sought and the circuit court's order denying Loutsch's motion to reconsider.
¶3 In determining whether to order restitution and, if so, in what amount, the circuit court should consider, among other things, the "present and future earning ability of the defendant" and the "needs and earning ability of the defendant's dependents." WIS. STAT. § 973.20(13)(a)3 and 4. The circuit court should order "an amount of restitution that it determines the defendant will be able to pay before the completion of the sentence." Loutsch I, 259 Wis. 2d 901, ¶25. We review a circuit court's restitution order for a misuse of discretion. See State v. Holmgren, 229 Wis. 2d 358, 366, 599 N.W.2d 876 (Ct. App. 1999). A circuit court misuses its discretion when it does not base its decision on the facts of record or on the proper legal standard. State v. Gallion, 2004 WI 42, ¶19, 270 Wis. 2d 535, 678 N.W.2d 197.
¶4 At the initial restitution hearing, Loutsch testified that he had a child support obligation and would accrue arrearages, by his estimate, of around $15,000 by the time he was released from prison. In his postconviction motion before the first appeal, Loutsch informed the court that he had a court-ordered obligation to pay 25% of his gross income after release from prison as support for his two children who were currently ages 6 and 4.
¶5 After remand, the circuit court entered a new restitution order based on the prior record, without holding a hearing. The circuit court acknowledged that there was a child support order that Loutsch pay 25% of his gross income in child support and referred to what the court termed Loutsch's "speculation" that he would have a $15,000 arrearage upon release from prison. However, for reasons not apparent to us, the court did not consider the child support obligation in determining whether Loutsch would have the ability to pay restitution after release from prison. The circuit court dismissed Loutsch's ongoing support obligation and the arrearages he was likely to accrue, stating that Loutsch had "offered no evidence as to age of his children, their needs or their earning ability."
¶6 We conclude the circuit court misused its discretion because it did not consider Loutsch's child support obligation and the arrearages that would accrue while Loutsch was incarcerated, even though the court had been informed that Loutsch had two young children for whom he had been ordered to pay 25% of his gross income in child support. See Gallion, 270 Wis. 2d 535, ¶19 (a circuit court misuses its discretion when it does not base its decision on the facts of record). Contrary to the court's statement, it had been informed of the children's ages and their needs, as expressed in the child support order.[2] We therefore remand for a determination of whether Loutsch has the ability to pay the amount of restitution set by the circuit court when his child support obligations are taken into account.[3]
By the Court.  Orders reversed and cause remanded with directions.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The statute's reference to the "earning ability" of a defendant's dependents appears to refer to adult dependents of a defendant, not young children.
[3] Because the issue of Loutsch's ability to pay restitution is intertwined with the issue of whether "justice . . . requires" that Loutsch reimburse the insurer, see WIS. STAT. § 973.20(5)(d), the circuit court should also consider on remand whether justice requires that Loutsch pay restitution to the insurer.